Dear Mr. Pickett:
This opinion is in response to an opinion request by your predecessor, Lawrence V. Fisher, asking as follows:
 "(1) Does the County Court of a third class county in the State of Missouri have the right to lease space in a county courthouse to a person operating a license fee bureau?
 "(2) Does the County Court of a third class county in the State of Missouri have the right to allow a license fee bureau to occupy space in a county courthouse without the payment of rent?
 "(3) Does the County Court of a third class county in the State of Missouri have the right to permit other state or federal offices such as the Highway Patrol and/or the Social Security Administration to occupy space in the county courthouse free of charge?"
In our Opinion No. 55-1978, we stated:
 "With respect to that part of your question which pertains to the use of county equipment or courthouse property by a private firm, we note that we have issued several opinions which are relevant to your question. That is, in our Opinion No. 150, dated April 28, 1971 to Gilchrist, this office concluded that a farmers mutual insurance company is a private commercial enterprise and may not be permitted to occupy office space in the county courthouse for the conduct of its business. In our Opinion No. 15, dated February 23, 1955 to Carr, this office concluded that a county court may not lawfully permit the usage of public property in the form of office space in a county courthouse for the conduct of a private commercial enterprise. In our Opinion No. 42, dated December 20, 1954, to Hosmer, this office concluded that a county court did not have the authority to rent space in the courthouse to private persons for private use. In our Opinion No. 20, dated February 13, 1951 to Curry, this office concluded that the county courts do not have authority to lease or permit the use of space in the county courthouse for private purposes. In our Opinion No. 63, dated February 16, 1954, to Moody, this office concluded that a township has no authority to use township machinery to do work for private individuals for hire. In our Opinion No. 5, dated January 12, 1970, this office concluded that there were exceptions to the prohibition against the county leasing public property in general so that leases may be permissible in space other than courthouse space where the lease of the county property to private individuals was not an interference with the public use of the county property by the county, the county had no immediate need for the facilities for county purposes and the lease was to the financial betterment of the county. In our Opinion No. 4, dated December 9, 1966 to Evans, this office concluded that publicly owned equipment could not be used to render nonpublic service."
In answer to your first two questions, it is our view that the license fee agent is clearly an independent contractor and not an employee of the State of Missouri although he is appointed by the Director of Revenue to collect motor vehicle license fees and taxes pursuant to Section 136.055, RSMo. Although he acts as a private individual, he nevertheless performs a quasi-governmental function. Such agent receives a fee prescribed by statute, and the county court is not authorized to furnish such agent gratuities. Although the county court has the authority to manage all county business as prescribed by law under Section 7 of Article VI of the Constitution and has the statutory authority to control and manage the real and personal property belonging to the county under Section 49.270, RSMo, we do not believe that the county court has authority to provide free space for such licensing agent. It is, however, our view that since the license agent performs a quasi-governmental function, he may be given the opportunity to rent space for that function in the courthouse for a proper monetary consideration so long as the use of such space by such agent does not interfere with the use of the courthouse for county purposes.
You also ask whether the county court has authority to allow Social Security Administration representatives to occupy space in the courthouse. We assume you refer to the permanent allocation of space to such representatives as opposed to the casual use of such space for such purposes. While such a federal agency clearly performs a governmental function, it is our view that such function is not sufficiently related to the function performed by the county government to support the furnishing of free permanent space for the use of such agency. We are of the view that such space may be furnished by the county court to that agency for a proper monetary consideration so long as the furnishing of such space to such agency does not interfere with the use of the courthouse for county functions.
Your last question asks whether the county court of a third class county has the right to permit the Highway Patrol to occupy space in a county courthouse free of charge.
It is our understanding that it has been a practice of long standing for the Highway Patrol to make use of available space in such courthouses. We have been informed that there are approximately ten Highway Patrol zone offices (local enforcement groups) and forty-three locations where the Highway Patrol is presently administering Missouri drivers' examinations through the use of courthouse space. We are also advised that the individual zone offices are being used for the preparation of arrest and accident reports, contacts with other county offices such as the sheriff, judicial officials, and the like. The courthouses are also used by the Highway Patrol as operational sites for drivers' examinations on a periodic basis for the purpose of complying with Section 302.173, RSMo, which specifies that the examination will be made available in each county.
Without burdening this opinion further with a discussion of the many duties performed by the Highway Patrol, we point out that such duties are interwoven with many of the functions and objectives of county government. We view the functions of the Highway Patrol as being sufficiently related to county government and to the benefit of the county to support the use of at least limited free space by the Highway Patrol on an available basis at the discretion of the county court so long as the furnishing of such space does not interfere with the use of the courthouse for county functions.
CONCLUSION
It is the opinion of this office that the county court of a third class county may, under certain circumstances, lease space in the county courthouse for a proper charge to an auto license fee agent or to the Social Security Administration and may provide free space to the State Highway Patrol.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General